# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL NO. 3:17CV676-RJC-DSC

| | |
|---|---|
| SHERRY S. DELLINGER,<br>        Plaintiff, | )<br>)<br>) |
| vs. | )   **MEMORANDUM AND RECOMMENDATION**<br>) |
| NANCY A. BERRYHILL,[1]<br>**Acting Commissioner of Social**<br>**Security Administration,**<br>        Defendant. | )<br>)<br>)<br>)<br>) |

**THIS MATTER** is before the Court on Plaintiff's "Motion for Summary Judgment" (document #7) and Defendant's "Motion for Summary Judgment" (document #12), as well as the parties' briefs and submissions.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and these Motions are now ripe for disposition.

Having considered the written arguments, administrative record, and applicable authority, the undersigned respectfully recommends that Plaintiff's Motion for Summary Judgment be denied; Defendant's Motion for Summary Judgment be granted; and the Commissioner's decision be affirmed.

## I. PROCEDURAL HISTORY

The Court adopts the procedural history as stated in the parties' briefs.

Plaintiff filed the present action on November 20, 2017. The Administrative Law Judge

---

[1] Nancy A. Berryhill is now Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is substituted for Carolyn W. Colvin as Defendant herein. No further action is necessary pursuant to section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).
1

("ALJ") found her not disabled at step five of the sequential evaluation process based upon the Vocational Expert's ("V.E.") testimony. (Tr. 13-25). Plaintiff assigns error to the ALJ's formulation of her mental Residual Functional Capacity ("RFC").[2] See "Brief of Plaintiff …" at 10-21 (document #8). She also contends that the ALJ failed to resolve apparent conflicts between the V.E.'s testimony and the Dictionary of Occupational Titles ("DOT"). See "Brief of Plaintiff …" at 21-30 (document #8).

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986), quoting Richardson v. Perales, 402 U.S. 389, 401 (1971), the Fourth Circuit defined "substantial evidence" thus:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It

---

[2]The Social Security Regulations define "Residual Functional Capacity" as "what [a claimant] can still do despite his limitations." 20 C.F.R. § 404.1545(a). The Commissioner is required to "first assess the nature and extent of [the claimant's] physical limitations and then determine [the claimant's] Residual Functional Capacity for work activity on a regular and continuing basis." 20 C.F.R. § 404.1545(b).

2

means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

See also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays v. Sullivan, 907 F.2d at 1456 (4th Cir. 1990); see also Smith v. Schweiker, 795 F.2d at 345; and Blalock v. Richardson, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome – so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION OF CLAIM

The question before the ALJ was whether Plaintiff was disabled[3] as that term of art is defined for Social Security purposes. Plaintiff challenges the ALJ's determination of her RFC. She argues that the ALJ found a moderate impairment in concentration, persistence and pace, but failed to discuss her ability to stay on task. Plaintiff also argues that the ALJ failed to rely on a medical opinion that did not include those limitations. See "Brief of Plaintiff …" at 10-21 (document #8); "Plaintiff's Reply …" at 1-4 (document #14). The ALJ is solely responsible for

---

[3]Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an:

inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . .
Pass v. Chater, 65 F. 3d 1200, 1203 (4th Cir. 1995).

3
Case 3:17-cv-00676-RJC-DSC   Document 15   Filed 08/13/18   Page 3 of 10

assessing a claimant's RFC.  20 C.F.R. §§ 404.1546(c) & 416.946(c).  In making that assessment, the ALJ must consider the functional limitations resulting from the claimant's medically determinable impairments.  SSR96-8p, available at 1996 WL 374184, at *2.  The ALJ must also "include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts . . . and nonmedical evidence."  Id.

Plaintiff has the burden of establishing her RFC by showing how her impairments affect her functioning.  See 20 C.F.R. §§404.1512(c) & 416.912(c); see also, e.g., Stormo v. Barnhart, 377 F.3d 801, 806 (8th Cir. 2004) ("[t]he burden of persuasion . . . to demonstrate RFC remains on the claimant, even when the burden of production shifts to the Commissioner at step five"); Plummer v. Astrue, No. 5:11-cv-06-RLV-DSC, 2011 WL 7938431, at *5 (W.D.N.C. Sept. 26, 2011) (Memorandum and Recommendation) ("[t]he claimant bears the burden of providing evidence establishing the degree to which her impairments limit her RFC") (citing Stormo), adopted, 2012 WL 1858844 (May 22, 2102), aff'd, 487 F. App'x 795 (4th Cir. Nov. 6, 2012).

In Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015), the Fourth Circuit held that "remand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review."  780 F.3d at 636 (quoting Cichocki v. Astrue, 729 F.3d 172, 177 (2d Cir. 2013)).  This explicit function-by-function analysis is not necessary when functions are irrelevant or uncontested.

The ALJ determined that Plaintiff's mental RFC encompassed the ability to perform "simple, repetitive, routine tasks with one to three step instructions" and "occasional interaction with others." (Tr. 20). The ALJ's RFC determination here is supported by substantial evidence including Plaintiff's testimony, medical records and treatment history. Ponder v. Berryhill, No. 1:15-

cv-00289-RJC, 2017 WL 1246350, at *4 (W.D.N.C. Mar. 31, 2017). It is well established that Mascio does not require the ALJ to include an off-task limitation whenever there are moderate difficulties in concentration, persistence and pace. See Holbrook v. Berryhill, No. 3:16-cv-00713-RJC, 2018 WL 325244 at *4 (W.D.N.C. January 8, 2018) ("Plaintiff applies an overly broad interpretation of Mascio by demanding a detailed analysis of Plaintiff's ability to stay on task every time an ALJ finds moderate limitations in concentration, persistence or pace. Mascio does not stand for such a proposition."). Rather, "as long as the ALJ can connect her conclusion to the record by way of narrative reasoning, the RFC can take many forms in the face of moderate limitations in concentration, persistence, [or] pace." Darby v. Berryhill, No. 1:16-cv-00366-RJC, 2018 WL 310136 at *6, (W.D.N.C. Jan. 5, 2018). "Mascio only requires a remand when an ALJ's opinion is 'sorely lacking' in a manner that 'frustrates meaningful review.'" Ponder, 2017 WL 1246350, at *4 (quoting White v. Colvin, No. 3:15-cv-00197-FDW, 2016 WL 3381265, at *5 (W.D.N.C. June14, 2016)).

Here, the ALJ explained why Plaintiff's moderate difficulty in concentration, persistence, and pace at step three did not "translate into [additional] limitation[s] in [Plaintiff's] residual functional capacity." Mascio, 780 F.3d at 638. The ALJ stated "[w]ith regard to concentration persistence or pace, [Plaintiff] has moderate difficulties. I find that depression and anxiety affect concentration. However, recent exams have [Plaintiff] denying any concentration issues." (Tr. 19, 507) (emphasis added). The ALJ summarized the mental health treatment notes from Caromont in 2014 that revealed anxiety and depression largely related to her husband's death. (Tr. 21, 368-372, 419-427). The ALJ noted that treatment notes documented Plaintiff's denial of delusions, crying spells, panic, energy or appetite issues, and her "ability to maintain functionality." (Tr. 21). The ALJ also noted that Plaintiff reported a variety of daily activities at the 2014 consultative examination. The examiner described her as being able to pay attention and concentrate while performing simple, repetitive tasks. (Tr. 21, 418). The ALJ summarized

5

her treatment at Caromont in 2015 and 2016, noting reports of normal mood, affect and memory. There were no reports of panic, sleep issues, or loss of functionality. (Tr. 22, 444-467, 505-520). The ALJ again noted that Plaintiff denied problems concentrating. (Tr. 22). The ALJ considered treatment notes from Plaintiff's mental health counseling, noting her reports of anxiety, poor sleep, racing thoughts, and depression. (Tr. 22, 428-440, 468-497). However, these examinations consistently documented intact judgment and memory, unremarkable thought content, and normal psychomotor activity (Tr. 22). Mental examinations at Monarch and Caromont found Plaintiff had "normal attention and concentration, fair to good judgment and insight, and no memory impairment." (Tr. 22) (emphasis added).

The ALJ discussed the medical opinions of record that addressed Plaintiff's ability to perform mental work-related functions. (Tr. 21-22). Most notably, the ALJ gave great weight to the opinions of the state agency psychological consultants (Tr. 22, 100, 131). These opinions did not expressly state that Plaintiff's moderate impairment in concentration, persistence or pace required no further restrictions. But they do support the conclusion that Plaintiff could perform simple, routine and repetitive tasks as contained in the RFC.

As required by Mascio, the ALJ explained that Plaintiff's moderate impairment in concentration, persistence and pace did not affect her ability to work beyond limiting her to simple, routine, and repetitive tasks with one to three step instructions. See Hough v. Berryhill, No. 3:17-cv-336-FDW, 2018 WL 3127463 (W.D.N.C. June 26, 2018) (finding ALJ sufficiently explained why moderate difficulties in concentration, persistence and pace did not affect plaintiff's ability to work; ALJ noted a function report that plaintiff is able to complete tasks and follow instructions well; "reported preparing simple meals, which indicates he has the ability to perform simple tasks," and gave considerable weight to a medical opinion that he could perform simple tasks).

Plaintiff also contends that the ALJ erred in relying on the V.E.'s testimony rather than

resolving apparent conflicts with the DOT. See "Brief of Plaintiff …" at 21-30 (document #8); "Plaintiff's Reply …" at 4-6 (document #14).   In response to a hypothetical that included Plaintiff's limitations, the V.E. testified that such person could not perform Plaintiff's past work but could perform jobs as laundry worker (397,000 jobs available nationally), machine feeder (40,000 jobs available nationally) and salvage laborer (1000,000 jobs available nationally). (Tr. 25).   The ALJ stated "I don't see any apparent conflicts there." (Tr. 83).

At the end of the hearing, the ALJ asked the V.E. whether her testimony was inconsistent with the DOT and the V.E. replied that it was not. The V.E. then stated "what's not covered by the DOT is based on my training, education, experience and knowledge of how jobs are performed in the labor market."  (Tr. 87). The ALJ made no further inquiries of the V.E. concerning apparent conflicts in her testimony. The ALJ found that the V.E.'s testimony was consistent with the information contained in the DOT.  (Tr. 25).

In Pearson v. Colvin, 810 F.3d 204, 210-12 (4th Cir. Dec. 17, 2015), the Fourth Circuit held that the ALJ has not fully developed the record if there are any unresolved conflicts between the V.E.'s testimony and the DOT.  Id. at 209. See also Radford v. Colvin, 734 F.3d 288, 296 (4th Cir. 2013) (where ALJ's analysis is incomplete, remand for further development of the record is appropriate rather than district court mining facts to support or refute ALJ's decision).

It is not Plaintiff's burden to identify this conflicting evidence during the hearing. Rather the "ALJ independently must identify conflicts between the expert's testimony and the [DOT]." Id. at 209. Merely asking the V.E. if there were any conflicts is insufficient. Id. at 210. The ALJ must elicit an explanation about any conflicts from the V.E. The ALJ must then determine whether that explanation is reasonable and provides a basis for relying on the V.E.'s testimony rather than

7

the DOT. Id. at 209-10. Absent an explanation for any apparent conflicts, the V.E.'s testimony does not provide substantial evidence for a denial of benefits. Id. at 211.

Plaintiff argues that the laundry worker and salvage laborer jobs require a DOT reasoning level of two, which conflicts with the RFC limitation to simple, routine, repetitive tasks. This Court has consistently held that there is no conflict between reasoning level two work and a limitation to simple tasks. Courtney v. Colvin, No. 12cv0073, 2014 WL 1882583, at * 3 (W.D.N.C. May 12, 2014) (citing Pippen v. Astrue, No. 1:09cv308, 2010 WL 3656002, at *7 (W.D.N.C. Aug. 24, 2010) ("work requiring a reasoning level of two is not inconsistent with a limitation to simple work").[4] Accordingly, there is no conflict with the jobs at reasoning level two.[5] The Fourth Circuit's unpublished decision in Henderson v. Colvin, 643 F. App'x 273, 276–77 (4th Cir. Apr. 5, 2016) cited by Plaintiff does not suggest a different result. There, the Court addressed a limitation to "one-to-two step tasks," which is different from the limitation here. Id.

Plaintiff next argues that the machine feeder job may require more than three steps and therefore conflicts with the RFC. In fact, the DOT states that this job requires carrying out "simple one- or two-step instructions." (DOT# 699.686-010, 1991 WL 678871). There is no conflict.

---

[4] In a recent unpublished opinion, the Fourth Circuit held that "[t]here is no direct correlation between the DOT's reasoning levels and a limitation to carrying out simple instructions or performing simple work; thus, jobs requiring an individual to perform such work is consistent with a DOT reasoning level of either 2 or 3." O'Neill v. Berryhill, No. 5:16-CV-129-DCK, 2017 WL 2469243, at *1 (W.D.N.C. June 7, 2017), aff'd, 723 Fed.Appx. 240 (4th Cir. May 25, 2018) (quoting Carringer v. Colvin, No. 2:13-cv-00027-MOC, 2014 WL 1281122, at *3 (W.D.N.C. Mar. 27, 2014)).

[5] In her Reply, Plaintiff states "multiple cases since then have found that a reasoning level of 2 conflicts with the ability to perform simple routine, repetitive tasks." Document #14 at 5 (citing Adkins v. Berryhill, No. 1:15-CV-00001-RLV, 2017 WL 1089194, at *4 (W.D.N.C. Mar. 21, 2017); Lorch v. Berryhill, No. 3:16-CV-00076-RJC, 2017 WL 1234203, at *5 (W.D.N.C. Mar. 31, 2017). Plaintiff is mistaken. Adkins and Lorch addressed jobs with reasoning level three. Lorch, 2017 WL 1234203, at *5 ("the Court is persuaded by the thorough reasoning in Adkins … that an apparent conflict does in fact exist—absent facts identified by the ALJ resolving the conflict—between a limitation to simple, routine, and repetitive tasks a person's ability to perform an occupation requiring Level 3 reasoning") (emphasis added).

Finally, Plaintiff argues that the RFC includes a limitation to only occasional interaction with others which conflicts with the DOT. Plaintiff attempts to create a conflict by referencing the O*NET.[6] The ALJ was not required to identify or discuss any conflicts between the O*NET and V.E. testimony. See SSR 00-4p, 2000 WL 1898704, at *2-3. This Court recently rejected plaintiffs' reliance on O*NET as the basis for a conflict between V.E. testimony and the DOT. Hough v. Berryhill, No. 3:17-cv-336-FDW, 2018 WL 3127463 at *5 (W.D.N.C. June 26, 2018) (collecting cases rejecting the notion that the ALJ must resolve apparent conflicts with the O*Net); Campusano v. Berryhill, No. 3:17-cv-499-MOC, 2018 WL 1566332, at *3 (W.D.N.C. March 30, 2018); Bethea v. Berryhill, No. 5:17-cv-145-MOC, 2018 WL 1567356, at *4 (W.D.N.C. March 30, 2018).

In short, there were no conflicts with any of the jobs identified by the V.E.

Although the medical records establish that Plaintiff experienced symptoms to some extent, as the Fourth Circuit has noted, it is the ALJ's responsibility, not the Court's, "to reconcile inconsistencies in the medical evidence." Seacrist, 538 F.2d at 1056-57.

Simply put, "[w]here conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the Secretary (or the Secretary's designate, the ALJ)." Mickles v. Shalala, 29 F.3d 918, 923 (4th Cir. 1994) (citing Simmons v. Bowen, 834 F.2d 635, 640 (7th Cir. 1987)). This is precisely such a case, as it contains substantial evidence to support the ALJ's treatment of the record and the hearing testimony, and his ultimate determination that Plaintiff was not disabled.

---

[6] The Occupational Information Network (O*NET) is a database of job descriptions developed by the U.S. Department of Labor.

9

## IV. RECOMMENDATIONS

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Plaintiff's "Motion for Summary Judgment" (document #7) be **DENIED**; Defendant's "Motion for Summary Judgment" (document #12) be **GRANTED**; and the Commissioner's decision be **AFFIRMED**.

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties and to the Honorable Robert J. Conrad, Jr.

**SO RECOMMENDED AND ORDERED**.

Signed: August 13, 2018

David S. Cayer
United States Magistrate Judge