UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cv-00676-RJC-DSC

| | | |
|---|---|---|
| SHERRY S. DELLINGER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| NANCY A. BERRYHILL, | ) | |
| Acting Commissioner of | ) | |
| Social Security, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**THIS MATTER** comes before the Court on the parties' cross Motions for

Summary Judgment, (Doc. Nos. 7, 12); the Magistrate Judge's Memorandum and

Recommendation ("M&R"), recommending that this Court uphold the decision of the

Commissioner, (Doc. No. 15); Plaintiff's Objections to the M&R, (Doc. No. 16);

Defendant's Response to Plaintiff's Objections, (Doc. No. 17); and the parties' briefs

and exhibits in support. The motions are ripe for adjudication.

## I.    BACKGROUND

Neither party has objected to the Magistrate Judge's statement of the factual

and procedural background of this case. Therefore, the Court adopts the facts as set

forth in the M&R.

## II.    STANDARD OF REVIEW

### A.    Review of the Magistrate Judge's M&R

A district court may assign dispositive pretrial matters to a magistrate judge

for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(A) and (B). The Federal Magistrate Act provides that "a district court shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." Id. at § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). De novo review is also not required "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id.

B.      Review of a Final ALJ Decision under the Social Security Act

The Court must decide whether substantial evidence supports the final decision of the Commissioner and whether the Commissioner fulfilled her lawful duty in her determination that Plaintiff was not disabled under the Social Security Act. See 42 U.S.C. §§ 405(g) and 1382(c).

The SSA, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards, Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The district court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King

v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). As the SSA provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, the Fourth Circuit noted that "substantial evidence" has been defined as being "more than a scintilla and [do]ing more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401); see also Seacrist v. Weinberger, 538 F.2d 1054, 1056–57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence . . . .").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays, 907 F.2d at 1456; see also Smith v. Schweiker, 795 F.2d at 345; Blalock, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome–so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

## III. DISCUSSION

Plaintiff makes two objections to the M&R: (1) the ALJ's RFC assessment is incomplete and unexplained and cannot form the basis of a disability determination, and (2) the ALJ failed to identify and resolve an apparent conflict

between the VE's testimony and the DOT.  Both objections are meritless.

A.     **The M&R properly found that the ALJ's RFC assessment was complete and well-reasoned.**

Plaintiff first argues that the Magistrate Judge, like the ALJ, omitted

findings from the mental health records that are contrary to the ALJ's evaluation of

those notes—specifically, that Plaintiff's "thought processes were usually

circumstantial, perseverative, and tangential."  (Doc. No. 16 at 1) (footnote omitted).

As a preliminary matter, the Court notes that Plaintiff already made the argument

that the ALJ omitted these findings from his decision in Plaintiff's summary

judgment briefing.  Accordingly, the Magistrate Judge was attuned to this

assertion.  Rather than discounting these opinions, the Magistrate Judge considered

them, but found that substantial evidence—including medical records—supported

the ALJ's determination regarding Plaintiff's RFC.  The Magistrate Judge

recognized that it was not his job "to reweigh conflicting evidence, make credibility

determinations, or substitute [his] judgment for that of the ALJ."  Hancock v.

Astrue, 667 F.3d 470, 472 (4th Cir. 2012) (quoting Johnson v. Barnhart, 434 F.3d

650, 653 (4th Cir. 2005) (per curiam)).  "Where conflicting evidence allows

reasonable minds to differ as to whether a claimant is disabled, the responsibility

for that decision falls on the ALJ."  Id.  The Court finds no reversible error on this

ground.

Next, Plaintiff argues that a hypothetical restricted only to performance of

simple, routine tasks or unskilled work does not account for limitations in

concentration, persistence, or pace ("CPP").  This is an inaccurate assertion.

4

"[T]he ability to perform simple tasks differs from the ability to stay on task." Mascio v. Colvin, 780 F.3d 632, 638 (4th Cir. 2015). "Only the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." Id. As a result, Mascio stands for the rule that an ALJ must either adopt a limitation that addresses a claimant's ability to stay on task or explain why such a limitation is unnecessary, even in the face of the claimant's CPP limitations. Grant v. Colvin, No. 1:15-CV-00515, 2016 WL 4007606, at *9 (M.D.N.C. July 26, 2016). Mascio does not stand for the proposition, however, that remand is automatically warranted when an ALJ finds a moderate limitation in concentration, persistence or pace but fails to provide a detailed analysis of a plaintiff's ability to stay on task. Holbrook v. Berryhill, 2018 WL 325244 at *4, No. 3:16-cv-00713-RJC (W.D.N.C. Jan. 8, 2018). So long as an ALJ's RFC assessment is supported by substantial evidence in the record, and other inadequacies in the ALJ's decision do not frustrate meaningful review, an ALJ has met his Mascio duty. Mascio, 780 F.3d at 636 ("[R]emand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review."). Remand for lack of discussion is appropriate only if the ALJ's opinion is "'sorely lacking' in a manner that 'frustrates meaningful review.'" Hubbard v. Berryhill, No. 3:17-CV-677, 2018 WL 3744017, at *6 (W.D.N.C. Aug. 7, 2018) (quoting Ponder v. Berryhill, 2017 WL 1246350, at *4 (W.D.N.C. Mar. 31, 2017)).

Here, the Court agrees with the M&R's reasoning supporting its conclusion

that the ALJ explained why Plaintiff's moderate limitations in CPP did not

translate into additional limitations in Plaintiff's RFC—besides a limitation to

completing simple, repetitive, routine tasks with one-to-three step instructions.

The Court will not repeat the M&R's analysis on this point but incorporates it

herein by reference. (Doc. No. 15 at 4–6). In sum, the Court finds that the ALJ

sufficiently accounted for Plaintiff's moderate limitations in CPP in the RFC and

that substantial evidence supports the ALJ's decision.[1] The ALJ "buil[t] an

accurate and logical bridge from the evidence to his conclusion." Monroe v. Colvin,

826 F.3d 176, 189 (4th Cir. 2016) (quoting Clifford v. Apfel, 227 F.3d 863, 872 (7th

Cir. 2000)). Accordingly, because the ALJ's decision was not "sorely lacking" in a

manner that frustrates meaningful review, remand would be inappropriate.

Hubbard, 2018 WL 3744017, at *6 (quoting Ponder, 2017 WL 1246350, at *4).

Therefore, the Court overrules Plaintiff's first objection.

### B. The ALJ failed to identify an apparent conflict between the VE's testimony and the DOT, but this failure constituted harmless error.

Next, Plaintiff argues that the ALJ failed to identify an apparent conflict

between a limitation to simple, routine, repetitive tasks and the VE's testimony that

Plaintiff could perform jobs with Reasoning Level 2. This assertion is incorrect. This

---

[1] Plaintiff also argues that the M&R did not address how the ALJ failed to resolve inconsistencies between the opinions of the Agency non-examiners while giving both great weight. Plaintiff contends that the ALJ's reliance "upon conflicting opinions means his decision is not supported by substantial evidence." (Doc. No. 16 at 3). Upon review of these supposedly "conflicting opinions," the Court finds that these opinions are not inconsistent with the ALJ's RFC determination and rationale.

Court has consistently held that no apparent conflict exists between a limitation to perform simple, routine, repetitive tasks and jobs with Reasoning Level 2.[2] Nevertheless, the Court does find that an apparent conflict exists between a limitation to following short, simple instructions—such as one-to-three step instructions—and Reasoning Level 2 jobs.

In Pearson v. Colvin, 810 F.3d 204, 209 (4th Cir. 2015), the Fourth Circuit held that the ALJ has not fully developed the record if any unresolved conflicts exist between the VE's testimony and the DOT. Pearson elevated the ALJ's responsibility in addressing apparent conflicts. Now, an ALJ cannot rely unquestioningly on a VE's testimony; instead, an ALJ must ask the VE whether his or her testimony conflicts with the DOT. Id. at 208. And even if the VE answers that no conflicts exist, the ALJ has an affirmative "duty to make an independent identification of apparent conflicts." Id. at 208–10. This means that the ALJ must identify where the VE's "testimony seems to, but does not necessarily, conflict with the [DOT]." Id. at 209.

The DOT's Reasoning Development scale has six levels: Level 1 requires the least reasoning ability, and Level 6 requires the most reasoning ability. See DOT,

---

[2] See, e.g., Walters v. Berryhill, No. 3:17-CV-538, 2018 WL 7200665, at *6 (W.D.N.C. Nov. 5, 2018), report and recommendation adopted, No. 3:17-CV-00538, 2019 WL 427330 (W.D.N.C. Feb. 4, 2019); Wilhelm v. Berryhill, No. 5:17-CV-00138, 2018 WL 4705562, at *5 (W.D.N.C. Sept. 29, 2018) ("Therefore, no apparent conflict exists between jobs having a Reasoning Level of 2 or 3 and a limitation to only performing simple, routine, repetitive tasks."); Gaston v. Berryhill, 1:17-CV-182, 2018 WL 3873593, at *4 (W.D.N.C. Aug. 15, 2018); Corvin v. Berryhill, No. 5:17-CV-92, 2018 WL 3738226, at *4 (W.D.N.C. Aug. 7, 2018) ("Reasoning level 2 jobs 'do not imply an apparent conflict with a work limitation to simple, routine, repetitive work.'" (quoting Bethea v. Berryhill, 5:17-CV-145, 2018 WL 1567356, at *4 (W.D.N.C. Mar. 30, 2018)).

App. C, 1991 WL 688702.  Reasoning Level 1 requires the ability to "[a]pply

commonsense understanding to carry out simple one- or two-step instructions" and

to "[d]eal with standardized situations with occasional or no variables in or

from these situations encountered on the job." Id. On the other hand, Reasoning

Level 2 requires the ability to "[a]pply commonsense understanding to carry out

*detailed* but uninvolved written or oral instructions" and "[d]eal with problems

involving a few concrete variables in or from standardized situations." Id.

(emphasis added).

Previously, in the absence of Fourth Circuit direction, this Court has held that

"there is no direct correlation between the DOT's reasoning levels and a limitation to

carrying out simple instructions or performing simple work; thus, jobs requiring an

individual to perform such work is consistent with a DOT reasoning level of either 2

or 3." Thomas v. Berryhill, No. 3:16-CV-00836, 2017 WL 3595494, at *5 (W.D.N.C.

Aug. 21, 2017) (quoting Carringer v. Colvin, No. 2:13-CV-00027, 2014 WL 1281122,

at *3 (W.D.N.C. Mar. 27, 2014)), vacated and remanded, 916 F.3d 307 (4th Cir.

2019), as amended (Feb. 22, 2019).[3]   And therefore, this Court found that "no

apparent conflict exists between Reasoning Level 2 jobs and a 'limitation to no more

than short simple instructions.'" Vizzini v. Berryhill, No. 1:17-CV-00233, 2018 WL

---

[3] See also Corvin v. Berryhill, No. 5:17-CV-92, 2018 WL 3738226, at *4 (W.D.N.C.
Aug. 7, 2018) ("Reasoning level 2 jobs 'do not imply an apparent conflict with a work
limitation to simple, routine, repetitive work.'" (quoting Bethea v. Berryhill, 5:17-CV-
145, 2018 WL 1567356, at *4 (W.D.N.C. Mar. 30, 2018))); Rinehart v. Berryhill, No.
3:17CV425, 2018 WL 1884990, at *5 (W.D.N.C. Apr. 19, 2018).

4561623, at *3 (W.D.N.C. Sept. 24, 2018). Recently, however, the Fourth Circuit has spoken on the issue and held that an apparent conflict exists "between a limitation to 'short, simple instructions' and a need to carry out "detailed but uninvolved . . . instructions' jobs (as found in jobs requiring Level 2 Reasoning)." Thomas v. Berryhill, 916 F.3d 307, 313–14 (4th Cir. 2019), as amended (Feb. 22, 2019). Accordingly, in light of new, binding precedent, this Court now holds that remand is warranted when an ALJ does not identify or resolve this apparent conflict between VE testimony and the DOT.

Here, the ALJ limited Plaintiff to one-to-three step instructions. When the ALJ asked the VE for representative occupations that Plaintiff could perform, the VE identified three jobs: (1) "laundry worker,"[4] (2) "machine feeder,"[5] and (3) "salvage laborer."[6] (Doc. Nos. 6 to 6-1: Administrative Record ("Tr.") at 25). According to the DOT, the jobs of laundry worker and salvage laborer require a Reasoning Level of 2. Under Thomas and other Fourth Circuit cases,[7] an apparent conflict existed between Plaintiff's limitation to one-to-three step instructions and the VE's testimony that

---

[4] DOT 361.685-018, 1991 WL 672987.
[5] DOT 699.686-010, 1991 WL 678871.
[6] DOT 929.687-022, 1991 WL 688172.
[7] Additionally, the Fourth Circuit held, in an unpublished opinion, that "there is an apparent conflict between an RFC that limits [a claimant] to one-to-two step instructions and GED Reasoning Code 2, which requires the ability to understand detailed instructions. Henderson v. Colvin, 643 F. App'x 273, 277 (4th Cir. 2016). And in another, more recent unpublished opinion, the Fourth Circuit concluded that "an apparent conflict exists between a limitation to short and simple instructions and Reasoning Development Level 3 occupations. Keller v. Berryhill, No. 17-2248, 2018 WL 6264813, at *4 (4th Cir. Nov. 29, 2018).

Plaintiff could perform jobs that require the ability to carry out detailed but uninvolved instructions—i.e., the Reasoning Level 2 jobs of laundry worker and salvage laborer. Therefore, the ALJ had a duty to resolve this apparent conflict but failed to do so.

Nevertheless, the Court concludes this was harmless error because the VE identified another job which Plaintiff could perform: machine feeder. The machine feeder job only requires a Reasoning Level of 1. And there is no apparent conflict between Reasoning Level 1 jobs—which require the ability to follow "simple one- or two-step instructions," DOT, App. C, 1991 WL 688702,—and a limitation to perform jobs requiring no more than one-to-three step instructions. Therefore, no apparent conflict existed between Plaintiff's limitation to one-to-three step instructions and the VE's testimony that Plaintiff could perform the job of machine feeder. The VE testified that there are approximately 40,000 machine feeder jobs nationwide. (Tr. 25). Because Plaintiff can perform at least one job that exists in significant numbers in the national economy, the ALJ properly concluded that Plaintiff is not disabled under the Act.[8]

## IV.    CONCLUSION

After an independent and thorough review of the M&R, Plaintiff's Objections

---

[8] See Guiton v. Colvin, 546 F. App'x 137, 142 (4th Cir. 2013) (recognizing that in Hicks v. Califano, 600 F.2d 1048 (4th Cir. 1979), the court found 110 jobs in the claimant's state to be a significant number of jobs); Hodges v. Apfel, 203 F.3d 820 (4th Cir. 2000) ("Hodges asserts that he qualifies for no more than 153 jobs. That number suffices to defeat Hodges's claim for disability benefits."); see also, Bavaro v. Astrue, 413 F. App'x 382, 384 (2d Cir. 2011) (finding that the Commissioner need show only one job to meet her burden at Step Five).

thereto, and a de novo review of the record, the Court concludes that the recommendation to grant Defendant's Motion for Summary Judgment and deny Plaintiff's Motion for Summary Judgment is correct and in accordance with law. Accordingly, the findings and conclusions of the Magistrate Judge are accepted and Defendant's Motion for Summary Judgment is **GRANTED**.

**IT IS THEREFORE ORDERED THAT:**

(1) The Magistrate Judge's M&R, (Doc. No. 15), is **ADOPTED**;

(2) Defendant's Motion for Summary Judgment, (Doc. No. 12) is **GRANTED**;

(3) Plaintiff's Motion for Summary Judgment, (Doc. No. 7), is **DENIED**; and

(4) The Clerk of Court is directed to close this case.

Signed: March 25, 2019

Robert J. Conrad, Jr.
United States District Judge